IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 15-432 |
| DOUGLAS S. RAE | : | |

### GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1. The defendant agrees to plead guilty to Counts One, Three, and Six, in violation of 18 U.S.C. § 1341 (mail fraud); Counts Twelve, Fifteen and Twenty-six, in violation of 18 U.S.C. § 1343 (wire fraud); and Count Thirty-three, in violation of 18 U.S.C. § 1957 (money laundering) of the Indictment and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 981(a)(1)(C), all arising from defendant's multiple schemes of submitting false invoices to his employer over a seven-year period, The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2. At the time of sentencing, the government will:

    a. Move to dismiss Counts Two, Four, Five, Seven, Eight, Nine, Ten, Eleven, Thirteen, Fourteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-one, Twenty-two, Twenty-three, Twenty-four, Twenty-five, Twenty-seven, Twenty-eight, Twenty-

nine, Thirty, Thirty-one, Thirty-two, Thirty-four and Thirty-five of the Indictment as to this defendant. The defendant waives the statute of limitations as to all counts to be dismissed under this agreement and agrees that if the defendant withdraws from, or successfully challenges, the guilty plea entered under this agreement, or if these counts are otherwise reinstated under the terms of this agreement, neither the statute of limitations nor the Double Jeopardy Clause will bar prosecution on any of these dismissed counts.

    b.  Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate.

    c.  Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

    d.  Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

    3.  The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum sentences: Counts One, Three and Six (mail fraud), 20 years' imprisonment, 3 years of supervised release, a $ 250,000 fine, and a $100 special assessment; Counts Twelve, Fifteen, and Twenty-six (wire fraud), 20 years' imprisonment, 3 years of supervised release, a $ 250,000 fine, and a $100 special assessment; Count Thirty-three (money laundering), 10 years' imprisonment, 3 years of supervised release, a

$250,000 fine or a fine up to twice the amount of the criminally derived property involved in the money laundering transaction, and a $100 special assessment.

<u>Total Maximum Sentence</u> is: 130 years' imprisonment, 3 years of supervised release, a $1.75 million fine, and a $700 special assessment. Full restitution of as much as $1.8 million shall be ordered. Forfeiture of also may be ordered.

4. The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years per count of conviction. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

5. The defendant agrees to pay a fine and to make restitution as directed by the Court.

6. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. Accordingly:

    a. The defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

    b. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

7. The defendant agrees to pay the special victims/witness assessment in the amount of $700 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

8. The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

9. Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

    a. The parties agree and stipulate that more than $1.5 million but less than $3.5 million was the intended fraud loss caused in furtherance of the criminal activity. Pursuant to U.S.S.G. § 2B1.1(b)(1)(I), the defendant should receive an 16-level upward adjustment.

    b. The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

10. If the defendant commits any federal, state, or local crime between the date of this agreement and his sentencing, or otherwise violates any other provision of this agreement, the

government may declare a breach of the agreement, and may at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the investigation and prosecution of the criminal case; (b) upon government motion, reinstate and try the defendant on any counts which were to be, or which had been, dismissed on the basis of this agreement; (c) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (d) be relieved of any stipulations under the Sentencing Guidelines. Moreover, the defendant's previously entered guilty plea will stand and cannot be withdrawn by him. The decision shall be in the sole discretion of the government both whether to declare a breach, and regarding the remedy or remedies to seek. The defendant understands and agrees that the fact that the government has not asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

11. In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

    a. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

    b. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

(1) that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 3 above;

(2) challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

(3) challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

(4) that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph, no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph.

12. The defendant acknowledges that filing an appeal or any collateral attack waived in the preceding paragraph may constitute a breach of this plea agreement. The government promises that it will not declare a breach of the plea agreement on this basis based on the mere filing of a notice of appeal, but may do so only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the filing and pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

13. The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A

(Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

14. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

15. The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

It is agreed that the parties' guilty plea agreement contains no additional promises, agreements, or understandings other than those set forth in this written guilty plea agreement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.

ZANE DAVID MEMEGER
United States Attorney

_____
DOUGLAS S. RAE
Defendant

_____
PETER F. SCHENCK
Chief, Criminal Division
Assistant United States Attorney

_____
JOHN GRIFFIN
JOHN WALDRON
Counsel for Defendant

_____
DENISE S. WOLF
Assistant United States Attorney

Date: 9/12/16

- 7 -

**Attachment**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 15-432** |
| **DOUGLAS S. RAE** | : | |

## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1. I understand that I do not have to plead guilty.

2. I may plead not guilty and insist upon a trial.

3. At that trial, I understand

    a. that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

    b. that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

    c. that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

    d. that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

    e. that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

    f. that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

        g.        that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

        h.        that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

    4.        I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

    5.        I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

    6.        I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

    7.        Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

    8.        I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

    (1) the nature and circumstances of the offense and my personal history and characteristics;

    (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kinds of sentences available;

    (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

_____
DOUGLAS S. RAE
Defendant

_____
JOHN GRIFFIN
JOHN WALDRON
Counsel for the Defendant

Dated: _____9/12/16_____